UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.23-cv-62295

Mei Li,

                Plaintiff,

v.

The Individuals, Partnerships And
Unincorporated Associations Identified On
Schedule A,                                                              /

                Defendants.

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

      Plaintiff, Mei Li (or "Plaintiff"), hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule A (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing goods within this district bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's Copyright through various Internet based e-commerce stores, and fully interactive commercial Internet websites operating under the seller identities and domain names set forth on Schedule A hereto (the "Seller IDs and Subject Domain Names"). In support of its claims, Plaintiff alleges as follows:

                **I.    NATURE OF ACTION**

      1.    This action is for copyright infringement arising under the copyright law of the United States, 17 U.S.C. § 101, *et seq.*

      2.    Plaintiff owns one copyright registration for 2-D visual art images with title name ILLUSION DM (hereinafter "ILLUSION DM" or "Plaintiff's Copyright"). Plaintiff's Copyright has

been registered with the United States Copyright Office (Registration Number Vau 1-474-967) and is protected from infringement under copyright laws. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's Copyright for the ILLUSION DM.

3. Plaintiff has filed this action to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed Infringing Products that infringe Plaintiff's Copyright. Defendants create e-commerce stores operating under one or more seller storefronts that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338.

5. Defendants are subject to personal jurisdiction in this district because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least the Internet based e-commerce stores and fully interactive commercial Internet website accessible in Florida and operating under their Seller Storefronts.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Florida, through at least the fully interactive e-commerce stores operating under the Defendants' seller storefronts identified on Schedule A. Specifically, Defendants have targeted sales to Florida residents by

setting up and operating e-commerce stores that target United States consumers using one or more Seller Storefronts, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered copyright to residents of Florida. Each of the Defendants is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida.

### III.   THE PARTIES

**PLAINTIFF RUIJIE HUANG**

7. Plaintiff is a resident in Xinjiang (China).

8. Plaintiff is the lawful owner of all rights, title, and interest in and to the ILLUSION DM.

9. Plaintiff's products are distributed and sold to consumers throughout the United States, including consumers in Florida.

10. Plaintiff uses the distinctive copyright design in connection with Plaintiff's products.

**THE DEFENDANTS**

11. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under the Seller Storefronts identified on Schedule A and/or other Seller Storefronts not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

12. On information and belief, Defendants either individually or jointly, operate one

or more e-commerce stores. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV.     JOINDER OF DEFENDANTS IN THISACTION IS PROPER

13.     Defendants are the individuals, partnerships, and unincorporated associations set forth on Schedule A hereto.

14.     Defendants are making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed Infringing Products that infringe Plaintiff's Copyright within this district.

15.     Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect t or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

16.     Joinder of the multiple defendants listed in Schedule A attached hereto is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

17.     Joinder of the multiple defendants listed in Schedule A attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court.

18. Joinder of the multiple Defendants listed in Schedule A attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

19. Joinder of the multiple Defendants listed in Schedule A is procedural only and does not affect the substantive rights of any defendant listed on Schedule A hereto.

20. This court has jurisdiction over the multiple defendants listed in Schedule A hereto. Venue is proper in this court for this dispute involving the multiple Defendants listed in Schedule A hereto.

21. Plaintiff's claims against the multiple Defendants listed in Schedule A are all transactionally related.

22. Plaintiff is claiming piracy against Defendants of Plaintiff's intellectual property rights.

23. The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

24. All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the defendants can easily conceal to avoid any real liability for their actions.

25. All Defendants are located in China.

26. All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal activities.

27. All Defendants have the same or closely related sources for their infringing products with some sourcing from the same upstream source and others sourcing from

downstream sources who obtain infringing products from the same upstream sources.

28. All Defendants take advantage of a set of circumstances the anonymity and mass reach the internet affords to sell infringing products across international borders and violate Plaintiff's intellectual property rights with impunity.

29. All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in infringement.

30. All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

31. All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities.

32. All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that the Plaintiff's anti-pirating and anti-counterfeiting efforts are discovered, or Plaintiff obtains a monetary award.

33. All defendants violated one or more of the Plaintiff's intellectual property rights in the United States by the use of common or identical methods.

34. All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

35. Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Schedule A. As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

36. Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the

sale of infringements and counterfeits of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement and counterfeiting scheme and cause harm to Plaintiff.

37. Defendants are using infringements and counterfeits of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

38. Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Florida and causing Plaintiff harm and damage within this jurisdiction.

39. The natural and intended byproduct of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiff's intellectual property rights and the destruction of the legitimate market sector in which it operates.

40. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## V.   DEFENDANTS' UNLAWFUL CONDUCT

41. In recent years, Plaintiff has identified numerous fully interactive, e-commerce stores, including those operating under the seller storefronts identified on Schedule A, which were offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States.

42. Defendants have targeted sales to Florida residents by setting up and operating e- commerce stores that target United States consumers using one or more Seller Storefronts, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to residents of Florida.

43. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by e-commerce stores operating under the seller storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the seller storefronts appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay. E-commerce stores operating under the seller storefronts often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use the Plaintiff's Copyright, and none of the Defendants are authorized retailers of genuine Plaintiff's Products.

44. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Storefronts by providing false, misleading and/or incomplete information to e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained seller storefronts to prevent discovery of their true identities and the scope of their e-commerce operation.

45. On information and belief, Defendants regularly register or acquire new seller storefronts for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

46. Even though Defendants operate under multiple fictitious Storefronts, the e-

commerce stores operating under the Seller Storefronts often share unique identifiers, such as templates with common elements that intentionally omit any contact information or other information for identifying Defendants or other seller storefronts they operate or use. E-commerce stores operating under the Seller Storefronts include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Infringing Products for sale by the seller storefronts bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that Defendants are interrelated.

47. Infringers such as Defendants typically operate under multiple Seller Storefronts and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore bank accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

48. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and

severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Plaintiff's Copyright. Each e-commerce store operating under the seller storefronts offers shipping to the United States, including Florida, and, on information and belief, each Defendant has sold Infringing Products into the United States and Florida over the Internet.

49.     Defendants' infringement of the Plaintiff's Copyright in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

50.     Defendants' infringement of the Plaintiff's Copyright in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Florida, is irreparably harming Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT
### (117 U.S.C. § 101)

51.     Plaintiff reincorporates and realleges paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.     Plaintiff has valid copyright ownership of the Copyrighted Art at issue in this lawsuit, pursuant to the Copyright Act, 17 U.S.C. §411. The registration for Plaintiff's Copyrighted Art is valid, subsisting, unrevoked and uncanceled.

53.     Pursuant to the Copyright Act, Plaintiff has the exclusive rights and privileges to reproduce, prepare derivative works, distribute copies, and import copies into the Unites States of Plaintiff's Copyrighted Art. See 17 U.S.C. §106.

54. Without Plaintiff's authorization, Defendants have infringed one or more of Plaintiff's exclusive rights relating to the federally registered Copyrighted Art. See 17 U.S.C. §106.

55. Defendants copied, displayed and/or prepared derivative works of Plaintiff's Copyrighted Art through their advertising, distributing, offering for sale, and selling of Defendants' Counterfeit Copies in violation of Plaintiff's exclusive rights. See 17. USC. § 106.

56. Defendants are directly liable for infringing Plaintiff's Copyrighted Art under the Copyright Act, 17 U.S.C. §§ 106(1), (2), (3), (5) & 501.

57. The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights in the Copyrighted Art.

58. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

59. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment, an award of equitable relief and monetary relief against Defendants as follows:

A. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§ 502(a) and Federal Rule of Civil Procedure 65; enjoining Defendants, their affiliates, officers, agents, representatives, servants, employees, and all persons acting in concert or participation therewith, from infringing Plaintiff's Copyright in manufacturing or causing to be manufactured,

producing, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Copies; from infringing, counterfeiting, and from using any reproduction, counterfeit, copy, or colorable imitation of the Copyright in connection with the publicity, promotion, offer for sale, sale, or advertising of any goods sold by Defendants.

  B. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of Plaintiff's Copyright. The Internet marketplace platforms include but are not limited to Amazon and eBay.

  C. Entry of an Order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, that upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any name, address and e-mail address known to be associated with Defendants' respective Seller IDs.

  D. Entry of an order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing infringements of the Copyright via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Plaintiff's Copyright associated with and/or linked to the same sellers or linked to any other alias seller identify cation names being used and/or controlled by

Defendants to promote, offer for sale and/or sell goods bearing infringements of the Plaintiff's Copyright.

E. Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

F. Entry of an Order requiring Defendants to account and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringements, together with appropriate interest thereon; that Defendants be required to account to Plaintiff for, and disgorge to Plaintiff, and to pay to Plaintiff, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement described above; or, at Plaintiff's election, that Plaintiff be awarded statutory damages from Defendants for all infringements involved with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than seven hundred and fifty ($750.00) or more than thirty thousand ($30,000.00) as the court considers just pursuant to 17 U.S.C. § 504 (c)(1), or if the infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Art infringed, as provided by 17 U.S.C. § 504 (c)(2).

G. Entry of a judgment and award that Defendants account for and pay to Plaintiff damages adequate to compensate for Defendants' infringements of the Plaintiff's IP Rights, including lost profits but in no event less than a reasonable royalty.

H. Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit.

I. L. Entry of an award of prejudgment interest on the judgment amount.

J. M. Entry of an Order for such other and further relief as the Court may deem just and proper.

Dated December 1, 2023.                    Respectfully submitted,

_____
Andrew J. Palmer
Jared W. Gasman Attorney, P.A.
5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33308
Phone: 954-771-7050
ajpalmer@gasmanlaw.com
dkang@gasmanlaw.com